



**FILED**
**Aug 07, 2018**
**03:10 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD
### (HEARD JULY 10, 2018 AT NASHVILLE)[1]

| | | |
|---|---|---|
| Kimberly Bullard | ) | Docket No.  2017-08-1053 |
| | ) | |
| v. | ) | State File No. 71623-2017 |
| | ) | |
| Facilities Performance Group, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

---

### Affirmed and Remanded—Filed August 7, 2018

---

The employee, a janitorial crew member, suffered injuries to her arm when she missed a step exiting a building and fell.  The employer denied the claim, asserting that the injury was idiopathic because the fall occurred on a single step outside the building which, according to the employer, was not a hazard peculiar to the employee's work.  The trial court concluded that the employee's injury was not idiopathic and that the step was a hazard of her employment.  The court awarded medical benefits but denied the employee's requests for temporary disability benefits and the payment of certain medical expenses.  The employer has appealed.  We affirm the decision of the trial court and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge Timothy W. Conner and Judge David F. Hensley joined.

Paul Nicks, Germantown, Tennessee, for the employer-appellant, Facilities Performance Group

John Dunlap, Memphis, Tennessee, for the employee-appellee, Kimberly Bullard

---

[1] We wish to extend our appreciation to the Nashville School of Law for allowing us the use of its facilities to hear oral argument in this case.

## Factual and Procedural Background

Kimberly Bullard ("Employee"), a fifty-one-year-old resident of Shelby County, Tennessee, was employed by Facilities Performance Group ("Employer") as a custodian. She was a member of a janitorial crew tasked with cleaning buildings for businesses with which Employer had contracted to provide cleaning services. She and her co-workers cleaned roughly thirty buildings each shift.

On September 19, 2017, Employee was leaving a building she had finished cleaning and, while walking out the door, fell to the concrete when she missed a step from the building to the ground and broke her left arm. Employee testified that there was nothing wet or slick on the step, that she did not have anything in her arms at the time of the fall, and that she simply forgot the step was there.

Employee was transported to a clinic and then to the emergency room of a hospital. The following day, Employer's workers' compensation insurance carrier took Employee's statement, after which Employer denied the claim on the basis that the injury resulted from an idiopathic fall. Employee then sought unauthorized medical treatment with Dr. John B. Williams, an orthopedic surgeon, who performed multiple surgeries on Employee's broken arm.

Employee filed a petition asserting that her injuries arose primarily out of her employment and that she was entitled to medical and temporary disability benefits. At an expedited hearing, the parties stipulated Employee had fallen and that she had suffered injuries. However, Employer continued to assert that Employee's injuries did not arise out of the employment because the single step from which she fell was not a hazard peculiar to her employment. Employer argued that most buildings have either a step or a curb at or near its doors to prevent water from entering the building and, therefore, the hazard that caused Employee's fall is one to which the general public is equally exposed.

The trial court found Employee was likely to prevail at trial in establishing that her injury arose primarily out of her employment and was not the result of an idiopathic event. The court explained that Employee "was exiting the building because her job required it," that "the area included a step that resulted in her fall," and that "the step constituted a specific hazard of [Employee's] employment beyond mere ambulation." The court further found that Employee justifiably sought medical treatment on her own after Employer denied the claim and that Employer was obligated to authorize treatment with Dr. Williams. The trial court denied Employee's request for reimbursement of past medical expenses and temporary disability benefits.[2] Employer has appealed.

---

[2] Employee has not appealed the trial court's denial of her requests for temporary disability benefits and for payment of past medical expenses. Thus, we do not address those issues.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

### A.

As an initial matter, we note that both parties cite Tennessee Code Annotated section 50-6-217(a)(3) (2016) (repealed 2017) in support of their positions on appeal. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have observed on numerous occasions, this code section was repealed effective May 9, 2017.[3] Consequently, as noted above, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are

---

[3] *See Duignan v. Stowers Machinery Corp.*, No. 2017-03-0080, 2018 TN Wrk. Comp. App. Bd. LEXIS 25, *8-9 (Tenn. Workers' Comp. App. Bd. May 29, 2018); *Ogden v. McMinnville Tool & Die, Inc.*, No. 2016-05-1093, 2018 TN Wrk. Comp. App. Bd. LEXIS 14, at *9-10 (Tenn. Workers' Comp. App. Bd. May 7, 2018); *Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *5-6 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018); *Bowlin v. Servall, LLC*, No. 2017-07-0224, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *6-7 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018); *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *12-13 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018); *Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transportation*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co., Inc.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017).

correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

**B.**

Turning to the merits of this appeal, the sole issue is whether the trial court erred in concluding Employee's fall resulted from a hazard incident to her employment and, therefore, was not idiopathic.[4] We agree with the trial court and affirm.

An injured worker has the burden of proof on every essential element of his or her claim. *See* Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). At an expedited hearing, an employee is able to meet this burden by presenting sufficient evidence from which the trial court can determine that the employee is likely to prevail at trial consistent with Tennessee Code Annotated section 50-6-239(d)(1). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6. At trial, the standard of proof is higher, i.e., an injured worker must establish the essential elements of his or her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6).

As noted, Employer denied Employee's claim based on its belief that her injury was idiopathic. "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *McCaffery v. Cardinal Logistics*, No. 2015-08-0218, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *9 (Tenn. Workers' Comp. App. Bd. Dec. 10, 2015) (citation omitted). However, "[a]n injury that occurs due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the injury." *Id.* at *10. "Cause in this context is not proximate cause as used in the law of negligence; rather, cause means that the accident originated in the hazards to which the employee was exposed as a result of performing his job duties." *Id.* (internal quotation marks and citations omitted).

---

[4] In their briefs on appeal, both parties characterize the issue as whether Employee's injury occurred in the course and scope of her employment. However, at oral argument, the parties agreed that the injury occurred while Employee was acting within the course and scope of her employment and that the issue to be decided on appeal is whether the injury arose primarily out of the employment. *See Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991) ("The phrase 'in the course of' refers to time, place, and circumstances, and 'arising out of' refers to cause or origin.").

Employer, in asserting that the trial court erred in concluding Employee's fall was not an idiopathic event, relies on *English v. G4S Secure Solutions*, No. 2016-05-0261, 2016 TN Wrk. Comp. App. Bd. LEXIS 48 (Tenn. Workers' Comp. App. Bd. Sept. 7, 2016). In *English*, the employee fell while exiting a building where she worked. *Id.* at *1. There were wet leaves on the ground, which the employee believed she might have slipped on. *Id.* However, ultimately, her testimony was that she was unsure what caused her to fall, and the trial court found the fall was idiopathic and the resulting injuries were not compensable. *Id.* at *4. We affirmed the trial court, as the employee was unable to remember the fall itself and, thus, was unable to describe a hazard incident to her employment that caused her injury. *Id.* at *5-6.

By contrast, the employee in the present case has been able to describe with particularity what caused her to fall, namely, she was exiting a building, forgot a step was there, missed the step, and fell to the concrete. This is not an idiopathic injury, as it is neither one of unexplained origin or cause, nor the result of a condition purely personal to the employee. *See Veler v. Wackenhut Servs.*, No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel Jan. 28, 2011). As we have previously explained, "[t]he focus is on the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode." *McCaffery*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50 at *11. Employee fell as she was exiting one building, which she had been cleaning, to go clean the next building assigned to her crew. To fulfill her cleaning assignments, she was required to navigate varying numbers of stairs in and out of the buildings while on the clock, a point Employer's witnesses readily acknowledged.[5]

Employer makes several points regarding the circumstances of Employee's fall that it maintains militate against a finding that her injuries are compensable. Specifically, it asserts Employee knew the step existed, that she had navigated the step on many occasions, that the step was free from defects, and that Employee described the step as "marginal." However, these arguments sound in negligence which, of course, is not a defense or even a factor in determining whether a claim is compensable. *See* Tenn. Code Ann. § 50-6-103(a) (2017) (Employers and employees subject to the workers' compensation laws shall pay and accept, respectively, the benefits provided by statute "without regard to fault as a cause of the injury or death.").

---

[5] Employee testified that she did not consider going in and out of buildings to be part of her job duties but, rather, part of her "routine." Regardless, there is no dispute that, in order to move from building to building as she cleaned, she was required to enter and exit the buildings and that she remained on the clock while doing so. It is well-established that a worker remains within the course and scope of the employment while on the premises. *See, e.g.*, *Lollar v. Wal-Mart Stores, Inc.*, 767 S.W.2d 143, 150 (Tenn. 1989). Thus, while entering and exiting buildings may not have been among her enumerated job duties, Employee remained in the course of her employment while performing incidental duties, including moving from one building to another in order to perform her job functions, all while on the clock. *See Carter v. Volunteer Apparel, Inc.*, 833 S.W.2d 492, 494 (Tenn. 1992).

In addition, Employer argues that a single step is not a hazard peculiar to the employment because most buildings have a step or curb at its doors to prevent water from entering the building. Thus, Employer contends, a single step cannot be a hazard incident to one's employment because most people must navigate such a step when entering or exiting a building, whether in a working or personal capacity. Yet, Employer asserts that more than one step, or even a single step from the interior of the building to the exterior, would be a hazard incident to the employment. In our view, drawing such fine lines is neither necessary nor advisable.

An injury arises out of the employment if it is "caused by a hazard incident to such employment." *Orman*, 803 S.W.2d at 676. Our Supreme Court, addressing what constitutes a hazard of employment in the context of injuries that occur while walking, has observed that "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or *a step*, in addition to the injured employee's ambulation." *Wilhelm v. Kroger*, 235 S.W.3d 122, 128-29 (Tenn. 2007) (emphasis added) (citations omitted). Such is the case here – Employee missed a step at work and fell.

Central to Employer's argument is that the hazard of a single step exiting or entering a building is one that is universal to the public. However, Employer has provided nothing other than counsel's arguments in support of this proposition. The record contains no proof from an engineer or architect or other qualified individual that all buildings have a step or curb. Arguments of counsel are not evidence, s*ee Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 86 n.3 (Tenn. 2008) and, in the absence of proof, we decline to accept as a fact that all buildings have steps going in and out of them.

Regardless, we decline to adopt a rule that would require courts to count stairs and make findings regarding whether the stairs were on the exterior or interior of the building in order to determine whether injuries resulting from a fall arise out of the employment. Such a rule would yield arbitrary results. For instance, an employee falling from the bottom step of a multi-step staircase would be entitled to receive benefits simply because the staircase had more than one step. An employee suffering the same fall with the same results from a single step entranceway or exist, under Employer's theory, would not have a compensable claim. There is no indication the General Assembly intended such disparate results based solely on the construction of the building in which the injury occurs.[6]

In sum, Employee entered a building, cleaned the building and, on exiting that building to go to the next building during her shift, fell off a step and suffered injuries.

---

[6] Both in the trial court and during oral argument, Employer acknowledged that Employee's claim would be compensable if there had been two steps rather than one. In our view, the number of steps has no bearing on whether an injury arises out of the employment. Either the step or steps, regardless of number, are a hazard of the employment or they are not. We agree with the trial court that they are.

The parties agree she was within the course and scope of her employment. We agree with the trial court that her fall arose out of conditions presented by her employment and, thus, she is entitled to workers' compensation benefits.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Accordingly, the trial court is affirmed and the case is remanded.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kimberly Bullard | ) | Docket No. 2017-08-1053 |
| | ) | |
| v. | ) | State File No. 71623-2017 |
| | ) | |
| Facilities Performance Group, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of August, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| John E. Dunlap | | | | | X | jdunlap00@gmail.com |
| Paul T. Nicks | | | | | X | pnicks@travelers.com |
| Amber E. Luttrell, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov